## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | | |
|---|---|---|
| DARCY MOYER, | ) | Civil Action No.   4:25-cv-04630 |
|     Plaintiff, | ) | |
| v. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| HARRIS COUNTY, TEXAS, | ) | |
| HARRIS COUNTY HOSPITAL | ) | |
| DISTRICT d/b/a HARRIS HEALTH | ) | |
| SYSTEM, AMERGIS HEALTHCARE | ) | |
| STAFFING, INC., MAXIM | ) | |
| HEALTHCARE SERVICES, INC., | ) | |
| & BENNIESHA SCOTT, R.N., | ) | |
| INDIVIDUALLY, | ) | |
|     Defendants. | ) | **JURY DEMAND** |
| _____ | ) | |

### Plaintiff's Original Complaint and Jury Demand

TO THE HONORABLE JUDGE OF SAID COURT,

    **COMES NOW DARCY MOYER**, (hereinafter "Plaintiff"), in the above-styled and numbered cause of action, and files this, her Original Complaint and Jury Demand, complaining of **HARRIS COUNTY, TEXAS**, (hereinafter "Defendant Harris County"), **HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS HEALTH SYSTEM**, (hereinafter "Defendant Harris Health"), **AMERGIS HEALTHCARE STAFFING, INC.**, (hereinafter "Defendant Amergis"), **MAXIM HEALTHCARE SERVICES, INC.**, (hereinafter "Defendant Maxim"), and **BENNIESHA SCOTT, R.N., Individually,** (hereinafter "Defendant Scott"), (hereinafter and collectively "Defendants"), and in support hereof, would show unto this Honorable Court the following:

## I.    NATURE OF THE CASE

1.1     This is a lawsuit about how an individual's career and reputation was completely destroyed based on false allegations and lies.  It takes years to build a career and reputation and seconds to lose it all.  In the case at bar, Plaintiff was set up, falsely accused, and arrested because of the malfeasance and nonfeasance of the respective Defendants.  This is a matter that could have and should have been avoided, however, what is done is done.  As such, Plaintiff prays to this Honorable Court for relief at law and in equity.

## II.    THE PARTIES

2.1     Plaintiff is a Texas resident.    Plaintiff currently resides and is domiciled in Splendora, Montgomery County, Texas.    Plaintiff resided and was domiciled in Splendora, Montgomery County, Texas, at the time these causes of action accrued.

2.2      Defendant Harris County is a local governmental entity existing within the U.S. Southern District of Texas and may be served with process by serving The Honorable Lina Hidalgo at the Harris County Commissioners Court, located at **1001 Preston Street, Suite 911, Houston, TX 77002**, or wherever she may be found.

2.3     Defendant Harris Health is a Domestic Nonprofit Corporation organized and existing under the laws of the State of Texas and doing business in the State of Texas.  Defendant Harris Health has a principal place of business located at 4800 Fournace Place, Bellaire, Texas 77401.  Defendant Harris Health may be served with process through its registered agent for service of process, **Leah S. Arnold** and/or **Esmaeil Porsa** located at **2525 Holly Hall Street, Suite 139, Houston, Texas 77054**, or wherever they may be found.

2.4    Defendant Amergis is a Foreign For-Profit Corporation organized under the laws of the State of Maryland and doing business in the State of Texas.   Defendant Amergis has a principal place of business located at 7223 Lee DeForest Drive, Columbia, Maryland 21046. Defendant Amergis may be served with process through its registered agent for service of process, **Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company** located at **211 East 7th Street, Suite 620, Austin, Texas 78701-3218**, or wherever they may be found.

2.5    Defendant Maxim is a Foreign For-Profit Corporation organized under the laws of the State of Maryland and doing business in the State of Texas.   Defendant Maxim has a principal place of business located at 7227 Lee DeForest Drive, Columbia, Maryland 21046. Defendant Maxim may be served with process through its registered agent for service of process, **Prentice Hall Corporation System**, located at **211 East 7th Street, Suite 620, Austin, Texas 78701**, or wherever they may be found.

2.6    Defendant Scott is an individual that upon information and belief resides and resided in Harris County, Texas, at the time of the incidents made the bases of this litigation. Defendant Scott may be served with process personally at her place of work, **Harris County Jail**, located at **1200 Baker Street, Houston, Texas 77002** or wherever she may be found.

### III.    MISNOMER/ALTER EGO

3.1    In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.    JURISDICTION AND VENUE

4.1    This Honorable Court has federal question jurisdiction over the lawsuit under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and the laws of the United States of America.   This Honorable Court also has supplemental jurisdiction to hear Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

4.2    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district.

4.3    Venue is also proper in this district under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction with respect to these causes of action and there is no other district where the suit may be brought.

## V.    CONDITIONS PRECEDENT

5.1    All conditions precedent have been performed or have occurred pursuant to FED. R. CIV. P. 9(c).

## VI.    FACTS

6.1    On or about March 19, 2025, Plaintiff was employed as a registered nurse at the Harris County Jail in Harris County, Texas, located at 1200 Baker Street, Houston, Texas 77002. Plaintiff worked as a Harris County Public Servant through Defendant Harris Health.  Defendant Amergis and/or Defendant Maxim were the staffing agencies that placed Plaintiff there as a registered nurse.   Defendant Scott was Plaintiff's supervisor who was also a Harris County Public Servant and registered nurse.   Defendant Scott also worked at the Harris County Jail through Defendant Harris Health and was placed there by Defendant Amergis and/or Defendant

Maxim.  Upon information and belief, TravelMax was the division of Defendant Amergis and/or Defendant Maxim that placed Plaintiff and Defendant Scott there as registered nurses.

6.2    On the aforementioned date, Plaintiff and Defendant Scott had a disagreement that got way out of hand very quickly.  Defendant Scott blatantly lied that Plaintiff assaulted her and terminated Plaintiff for this made-up reason *[emphasis added]*.  On July 11, 2025, Plaintiff was indicted for the felony offense of Assault on a Public Servant - again, based on the lies of Defendant Scott.  *See* Exhibit A. On September 26, 2025, the Harris County District Attorney's Office ultimately dismissed the charge because said allegations were proven to be patently false. *See* Exhibits B and C, respectively.  Although the charge has been dismissed, Plaintiff's career has been severely impacted.  Additionally, Plaintiff's reputation is soiled.  As such, Plaintiff prays to this Honorable Court for relief at law and in equity.

## VII.    CAUSES OF ACTION

### A.    COUNT ONE - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT PROPERTY INTEREST AGAINST DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT

7.1    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.2    Plaintiff's employment at Defendant Harris County and/or Defendant Harris Health at the Harris County Jail constituted a property interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  Plaintiff was terminated based on the lies of Defendant Scott without adequate notice nor an opportunity to be heard. Defendants' processes did not provide for an impartial decision maker.  Defendants' processes did not provide for legal counsel, presentation, nor cross examination of witnesses.

7.3     Defendants have refused to provide evidence on which their termination decision was allegedly based.   In their actions, Defendants deprived Plaintiff of her property interest in her public employment without due process of law.   In their actions, Defendants acted under color of law.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages.   The unlawful conduct of the individual Defendants was in bad faith, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**B.     COUNT TWO - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT LIBERTY INTEREST AGAINST DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT**

7.4     Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.5     Plaintiff has a liberty as well as a property interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution in her employment with Defendants.  Plaintiff has a liberty interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution to her good name and reputation. In their actions, Defendants deprived Plaintiff of her interest in her employment and stigmatized Plaintiff based on the complete and utter lies of Defendant Scott.   This has caused Plaintiff's good name, professionalism, reputation, honor, and integrity, to all be in question.

7.6     Plaintiff's ability to practice her profession as a registered nurse without the stigma of false and defamatory allegations and characterizations, and without termination, constitute a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.

In their actions, Defendants deprived Plaintiff of her liberty interest under the Fourteenth Amendment without due process.

7.7    In their actions, Defendants acted under color of law.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages. The unlawful conduct of the individual Defendants was in bad faith, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**C.    COUNT THREE - VIOLATIONS OF 42 U.S.C. § 1983 - DEPRIVATION OF SUBSTANTIVE DUE PROCESS AGAINST DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT**

7.8    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.9    The Supreme Court established a two-pronged approach to analyze a substantive due process claim.[1]   First, the Due Process Clause protects fundamental rights and liberties deeply rooted in this nation's history and tradition.[2]   Second, the Court requires a "careful description" of the asserted fundamental liberty interest.[3]   Plaintiff has a fundamental right, property, and liberty interest in sustaining suitable employment as a registered nurse.

7.10    The circumstances of Defendants' termination of Plaintiff's employment as a registered nurse violated Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution.  Additionally, Defendants violated Plaintiff's right to substantive due process by falsely accusing her of assaulting a public servant, for which a felony charge and arrest was imposed.

---

[1] *Washington v. Glucksberg*, 521 U.S. 702 (1997).

[2] *Moore v. East Cleveland*, 431 U.S. 494 (1977).

[3] *Reno v. Flores*, 507 U.S. 292 (1993).

7.11    Defendants' acts were outrageously arbitrary, oppressive, and conscience-shocking as to constitute a gross abuse of governmental authority.   In their actions, Defendants acted under color of law.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages.   The unlawful conduct of the individual Defendants was in bad faith, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**D.    COUNT FOUR - VIOLATIONS OF 42 U.S.C. § 1983 - DEPRIVATION OF PROCEDURAL DUE PROCESS AGAINST DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT**

7.12    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.13    The Fourteenth Amendment requires Defendants to ensure Plaintiff can "present [her] case and have its merits fairly judged" before Plaintiff is deprived of her life, liberty, or property interest.[4]  Defendants malfeasance and nonfeasance in terminating Plaintiff based on the wicked lies of Defendant Scott stripped Plaintiff of her property and liberty interests in sustaining suitable employment as a registered nurse.   Moreover, Plaintiff was deprived of her property and liberty interests in public employment without the opportunity to have her merits fairly judged.

7.14    No matter the process, if persons in positions of authority, such as Defendants, refuse to accept the supremacy of the laws of the United States Congress and apply them honestly, then due process is impossible to secure.   Defendants refused to accept the supremacy of federal laws and failed to apply them honestly, thus, depriving Plaintiff's right to due process

---

[4] *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

while also depriving her of her Constitutional and federal statutory rights.  Defendants' actions described above, individually and/or collectively, and in derogation of the Constitution and applicable statutes, regulations, and treaties, have deprived Plaintiff of her procedural due process rights as described herein, thereby causing her significant injuries and damages at law and in equity.

E.    **COUNT FIVE - VIOLATIONS OF 42 U.S.C. § 1983 - DEFENDANT HARRIS COUNTY'S AND DEFENDANT HARRIS HEALTH'S FAILURE TO TRAIN AND/OR SUPERVISE DEFENDANT SCOTT**

7.15    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.16    Defendant Harris County and Defendant Harris Health are liable to Plaintiff under 42 U.S.C. § 1983 because their failure to train and/or supervise Defendant Scott amounts to deliberate indifference to the rights of persons, such as Plaintiff, with whom Defendant Scott come into contact and because this failure on Defendant Harris County's and Defendant Harris Health's part was the moving force behind Defendant Scott's deprivation of Plaintiff's Constitutional right to due process.

7.17    Additionally, Defendant Harris County and Defendant Harris Health are liable under 42 U.S.C. § 1983 because they were deliberately indifferent by failing to provide further training and supervision after learning of a pattern of Constitutional violations by its employees, particularly Defendant Scott. Defendant Harris County and Defendant Harris Health had a Constitutional duty to supervise and/or train Defendant Scott and to protect Plaintiff from wrongful acts, omissions, and unconstitutional deprivations of due process..  Defendant Harris County  and Defendant Harris Health failed to properly supervise Defendant Scott.

7.18    This failure to supervise was deliberately indifferent to Plaintiff's Constitutional rights because proper training and/or supervision would ensure that Plaintiff would be free from Constitutional deprivations of due process. The actions and omissions of Defendant Scott's supervisors constituted supervisory encouragement of due process deprivations.  This grossly inadequate supervision was caused by Defendant Harris County's and Defendant Harris Health's collective deliberate indifference to the rights of individuals with whom Defendant Scott would come into contact, such as Plaintiff, to not be subjected to Constitutional deprivations. Defendant Harris County's and Defendant Harris Health's constitutionally-flawed supervision of Defendant Scott deprived Plaintiff of her constitutional rights and proximately caused Plaintiff's permanent injuries and damages.

7.19    Defendant Harris County's and Defendant Harris Health's improper and inadequate training of Defendant Scott amounts to deliberate indifference toward Plaintiff's Constitutional rights and was the moving force behind Defendant Harris County's and Defendant Harris Health's collective deprivation of Plaintiff's constitutional rights.

7.20    Further, Defendant Harris County and Defendant Harris Health knew of a pattern of ongoing Constitutional violations. Defendant Harris County and Defendant Harris Health demonstrated deliberate and knowing indifference to the acknowledged pattern of violations by failing to provide any additional training or supervision related to encounters with people such as Plaintiff. Further, Defendant Harris County and Defendant Harris Health knew and acknowledged the potential for Constitutional violations with respect to lack of training. Yet, Defendant Harris County and Defendant Harris Health failed to train Defendant Scott.

7.21    Defendant Harris County and Defendant Harris Health are liable for failure to train and supervise Defendant Scott.    First, there was a recurring situation that presented an obvious potential for a Constitutional violation and Defendant Harris County's and Defendant Harris Health's failure to train and supervise Defendant Scott resulted in several Constitutional violations and deprivations.    Secondly, Defendant Harris County and Defendant Harris Health were deliberately indifferent by failing to provide further training and supervision after learning of a pattern of Constitutional violations.    As a direct result of these constitutional violations, Plaintiff sustained serious and permanent injuries and damages.

7.22    At the time of her injuries, Plaintiff had a clearly established right to due process. Defendants collectively deprived Plaintiff of those rights and, in so doing, caused her serious and permanent injuries and damages.

F.    **COUNT SIX - VIOLATIONS OF 42 U.S.C. § 1983 - DEFENDANT HARRIS COUNTY'S AND DEFENDANT HARRIS HEALTH'S UNLAWFUL POLICIES, PROCEDURES, CUSTOMS, AND REGULATIONS TO IMPOSE *MONELL* LIABILITY**

7.23    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.24    Defendant Harris County and Defendant Harris Health are comprised of official policymakers. The policies and customs include the incidents made the bases of this litigation. The policies at issue are including but not limited to: 1) Policy 6.08 Grievance Procedure; 2) Policy 6.20 Corrective Action; 3) Policy 3.31 Preventing Fraud, Abuse, and Wrongdoing and; 4) Policy 6.27 Workplace Violence Prevention Program.    *See* Exhibits D, E, F, G, respectively.    The aforementioned policies, procedures, customs, and regulations violate the Fourteenth Amendment protections, as to Plaintiff.

7.25    The policymakers had policymaking authority both explicitly through Defendant Harris County's and Defendant Harris Health's written ordinances and implicitly as a result of the delegation of authority and the customs and practices of Harris County, Texas, Council.  The policymakers had authority to establish county policy. Such authority is reflected in various policies delegating all policymaking authority to policymakers within Harris County, Texas.

7.26    The incidents made the bases of this litigation were not single isolated incidents, but an established pattern or practice on the part of Harris County, Texas, and its respective entities. Defendant Scott's actions on the day of the incidents made the bases of this litigation followed Defendant Harris County's and Defendant Harris Health's established policies and practices. The policymakers had actual and/or constructive knowledge of these policies and practices.

7.27    Defendant Scott's actions on the day of the incidents made the bases of this litigation followed Defendant Harris County's and Defendant Harris Health's policies, procedures, practices, and customs.  In fact, Defendant Harris County's and Defendant Harris Health's practices and customs allowed for and even directed Defendant Scott's conduct.  Such customs and practices are unconstitutional and were the direct and proximate cause of the severe and permanent injuries to Plaintiff.

7.28    Defendant Harris County's and Defendant Harris Health's deficient customs, policies, procedures, and practices amounted to a conscious disregard of a substantial and unjustifiable risk, thus, exemplifying deliberate indifference to the rights, safety, and welfare of the citizens of Harris County, Texas, namely, Plaintiff. The deficient customs, policies, and practices are a direct and proximate cause of the Constitutional deprivations of due process made

the bases of this litigation.  As a direct and proximate result of these Constitutional violations, Plaintiff suffered severe and permanent injuries and damages.

7.29    The United States Supreme Court has identified a municipal "policy" even where the policymaker has failed to act affirmatively at all, so long as the need to take some action to control the agents of the government "is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymaker... can reasonably be said to have been deliberately indifferent to the need."[5]

7.30    In this regard,

> The policymaker's toleration of the subordinates' behavior establishes a policy-in-practice just as readily attributable to the municipality as the one-act policy-in-practice described in [*City of Canton*].  Such a policy choice may be inferred even without a pattern of acts by subordinate officers, so long as the need for action by the policymaker is so obvious that the failure to act rises to deliberate indifference.[6]

7.31    In this case, the need for action is so obvious that the failure to act rises to the level of deliberate indifference. Defendant Harris County's and Defendant Harris Health's toleration of Defendant Scott's behavior as described herein establishes a policy-in-practice just as readily attributable to the municipality as the one act policy-in-practice described in *City of Canton.*  Such a policy choice may be inferred even without a pattern of acts by subordinate officers, so long as the need for action by the policymaker is so obvious that the failure to act rises to deliberate indifference.

---

[5] *City of Canton Ohio v. Harris*, 489 U.S. 378, 390 (1989).

[6] *Id.*

7.32    The governing body of Defendant Harris County and Defendant Harris Health, whether this Honorable Court believes it to be the City or County Council, failed to provide policies and procedures to protect the due process rights of individuals, namely, Plaintiff. Clearly there is no policy nor procedure in place that could have prevented the horrors made the bases of this litigation from transpiring.

## G.    COUNT SEVEN  - DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH ARE LIABLE ON A RATIFICATION THEORY

7.33    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.34    The governing body of Harris County, whether this Honorable Court believes it to be the City or County Council, failed to provide policies or procedures that could have protected Plaintiff from Constitutional deprivations of due process. Additionally, the practices of Defendant Harris County and Defendant Harris Health evidences deliberate indifference, as aforementioned.

7.35    Defendant Harris County and Defendant Harris Health ratified Defendant Scott's conduct by knowing of and approving her specific decisions and specific actions in this incident, including but not limited to the termination of Plaintiff as a result of Defendant Scott's lies.  As a result, Defendant Harris County and Defendant Harris Health are liable and responsible for Defendant Scott's Constitutional violations.

## H.    COUNT EIGHT - STATE LAW CLAIMS UNDER THE TEXAS TORT CLAIMS ACT AGAINST DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT

7.36    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.37    Plaintiff timely presented her claims to Defendants as it is obvious that Defendants had actual or constructive notice of Plaintiff's claims as required by TEX. CIV. PRAC. & REM. CODE § 101.101. Pursuant to the Texas Tort Claims Act ("TTCA") § 101.001, et. Seq.), and Texas common law, Defendant Harris County and Defendant Harris Health are liable for the actions of its employees, including Defendant Scott.   Defendant Harris County and Defendant Harris Health are governmental units covered by the Texas Tort Claims Act.   Defendant Scott, while acting within the scope of her employment with Defendant Harris County and Defendant Harris Health, owed duties to Plaintiff and breached those duties, thereby proximately causing Plaintiff's damages, and was therefore negligent. While Defendants were negligent, they used or misused tangible personal property.

7.38    A governmental unit uses personal property only if it authorizes or orders an employee to use the tangible personal property for a specific purpose.[7]  The governmental unit must authorize or order the use of the property in the specific incident at issue.[8]  Here, this is exactly what happened, as such, waiver applies and Plaintiff's state common law claims must survive dismissal.

---

[7] *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 206 (Tex. 2020).

[8] *Id.*

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

7.39    The Texas Tort Claims Act intentional-tort bar only applies to negligence claims *based on the same conduct as the intentional tort claim*.[9]   Here, Defendant Harris County and Defendant Harris Health were negligent in a myriad of different forms or fashions and this is completely independent of any intentional torts that transpired.   Plaintiff's state law negligence claims do not arise out of any intentional torts and have a completely independent basis in law and fact.   Here, the gravamen of Plaintiff's state law claims is the inherent negligence in everything that transpired.    There were separate acts of negligence, independent of any intentional conduct.   Plaintiff's following state law negligence claims are not based on any intentional underlying conduct and, as such, have a completely independent basis in law and fact to survive dismissal.

I.    **COUNT NINE - NEGLIGENCE OF DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT UNDER TEXAS LAW**

7.40    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.41    Defendants owed legal duties to Plaintiff to ensure that the aforementioned conduct would not transpire.   Defendants breached said duties.   Particularly, there were not policies, procedures, customs, or practices, in place to ensure that Plaintiff would not be denied her Constitutional protections. Defendants' nonfeasance proximately caused injuries and damages to Plaintiff.   Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence that proximately and/or directly caused the occurrences made the bases of this action, and the personal injuries and damages sustained by Plaintiff.

---

[9] *Saenz v. City of El Paso*, 637 F.App'x 828, 831 (5th Cir. 2016) (citing *Tex. Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 580 (Tex. 2001).

**J.    COUNT TEN - NEGLIGENT HIRING BY DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH**

7.42    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.43    Defendant Harris County and Defendant Harris Health were negligent in the hiring of Defendant Scott, in that they knew, or in the exercise of reasonable care should have known, that Defendant Scott was unfit or unqualified for the position in which she was required to perform.  With greater due diligence, screening, and investigative policies and procedures, Defendant Harris County and Defendant Harris Health would have discovered that Defendant Scott was completely unqualified for the positions in which she was required to perform.

**K.    COUNT ELEVEN - NEGLIGENT TRAINING BY DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH UNDER TEXAS LAW**

7.44    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.45    Defendant Harris County and Defendant Harris Health were negligent in the training of Defendant Scott, in that Defendant Harris County and Defendant Harris Health knew, or in the exercise of reasonable care should have known, that Defendant Scott was unfit or unqualified for the position in which she was required to perform.  Defendant Harris County and Defendant Harris Health failed to properly train and/or instruct Defendant Scott for the job that she was to perform.

**L.    COUNT TWELVE - NEGLIGENT SUPERVISION BY DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH UNDER TEXAS LAW**

7.46    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.47    Defendant Harris County and Defendant Harris Health were negligent in the supervision of Defendant Scott in that Defendant Harris County and Defendant Harris Health knew, or in the exercise of reasonable care should have known, that Defendant Scott was unfit or unqualified for the position for which she was required to perform. Defendant Harris County and Defendant Harris Health failed to adequately and reasonably supervise Defendant Scott. Had Defendant Harris County and Defendant Harris Health supervised Defendant Scott, then the risk of the aforementioned conduct transpiring would have been alleviated significantly.

**M.    COUNT THIRTEEN - NEGLIGENT RETENTION BY DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH UNDER TEXAS LAW**

7.48    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.49    Defendant Harris County and Defendant Harris Health were negligent in the retention of Defendant Scott, in that Defendant Harris County and Defendant Harris Health knew or in the exercise of reasonable care should have known that Defendant Scott was unfit or unqualified for the position in which she was required to perform.  Specifically, after all of the aforementioned events, Defendant Scott is still currently employed by Defendant Harris County and Defendant Harris Health - this is shameful.

N.    **COUNT FOURTEEN - NEGLIGENT IMPLEMENTATION OF POLICIES, PROCEDURES, INVESTIGATIONS, AND MANAGEMENT CONTROLS BY DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH UNDER TEXAS LAW**

7.50    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.51    Defendant Harris County and Defendant Harris Health were negligent in failing to implement and/or follow investigative policies and procedures that would have prevented the aforementioned misconduct from taking place or would have rectified it after the fact. Furthermore, Defendant Harris County and Defendant Harris Health were negligent in failing to implement and/or follow proper management controls that would have prevented the hiring of Defendant Scott and would have prevented the incidents made the bases of this lawsuit.

O.    **COUNT FIFTEEN - GROSS NEGLIGENCE OF DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT, COLLECTIVELY, UNDER TEXAS LAW**

7.52    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.53    When viewed objectively, Defendants' conduct, acts and/or omissions described above involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.  Defendants had actual, subjective awareness of the risks but proceeded with a conscious indifference to the rights, safety, or welfare of others, namely Plaintiff.

7.54    Defendants' conduct rises to the level of gross negligence.  Accordingly, Plaintiff is entitled to a finding that Defendants were grossly negligent concerning the aforementioned incidents.  Thus, exemplary and/or punitive damages are proper under the law.

**P.      COUNT SIXTEEN - BREACH OF CONTRACT OF DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT**

7.55    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.56    Plaintiff and Defendants entered into a valid and enforceable employment agreement. Under said agreement, Plaintiff was to work for Defendants.   As aforementioned, Defendants have failed to provide Plaintiff with various Constitutional protections and Defendant Scott's lies and conduct have soiled Plaintiff's career. As such, Defendants' failure to perform their contractual obligations constitutes a breach of contract as that phrase is defined at law.   As such, Plaintiff has sustained damages within the jurisdictional limits of this Court.

**Q.      COUNT SEVENTEEN - INJUNCTIVE RELIEF**

7.57    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.58    Plaintiff prays to this Honorable Court that Plaintiff immediately be entitled to a complete expunction and sealing of her record from the incidents made the bases of this litigation.    Plaintiff further prays that Defendants be ordered to provide remedial measures immediately. Plaintiff further prays for re-employment should Plaintiff desire such. Plaintiff has suffered immediate and irreparable harm because of Defendants' malfeasance and nonfeasance. Plaintiff seeks immediate redress in equity and at law.

**R.      COUNT EIGHTEEN - FAILURE TO INVESTIGATE BY DEFENDANT HARRIS COUNTY AND DEFENDANT HARRIS HEALTH**

7.59    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.60    Plaintiff's reputation and career was soiled because of Defendant Scott's lies.  As a direct result of Defendant Harris County's and Defendant Harris Health's failure to intervene and investigate, Plaintiff was criminally charged and arrested on a felony offense. Plaintiff has unjustly been deprived of equal employment opportunities as a result of the aforementioned conduct.  Defendant Harris County and Defendant Harris Health had a duty to investigate the aforementioned incidents and take prompt remedial action to remedy such unlawful behavior, yet, Defendant Scott still remains an employee of Defendant Harris County and Defendant Harris Health to date.

S.    COUNT NINETEEN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANTS

7.61    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.62    In the alternative to other counts, Defendants intentionally caused Plaintiff emotional distress. Defendants committed the aforementioned acts in an outrageous or extreme manner.   Defendants' conduct was intentional and/or reckless.    Defendants' actions caused Plaintiff to endure severe emotional harm.   Defendants' intentionally and/or knowingly caused psychological and/or psychiatric harm to Plaintiff.

T.    COUNT TWENTY - DEFAMATION, LIBEL, AND SLANDER BY DEFENDANT SCOTT

7.63    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.64    Defendant Scott published false and defamatory statements by oral communication, written communication, and conduct asserted as a fact without proper

investigation beforehand.    Defendant Scott's statements involved a matter of private and/or public concern.    Defendant Scott's statements concerned and/or referred to Plaintiff by name and/or indirectly.  Defendant Scott's statements were false and were defamatory and extrinsically defamatory to Plaintiff.

7.65    Defendant Scott is strictly liable to Plaintiff for defamation, libel, and slander. Defendant Scott was negligent and grossly negligent in determining whether the statements were true. Defendant Scott's false statements directly and proximately caused injuries and damages to Plaintiff.

7.66    Defendant Scott knew the statements were false and acted with a reckless disregard for the truth.  Plaintiff's injuries and damages resulted from Defendant Scott's malice, which entitles Plaintiff to exemplary and/or punitive damages under the law.

## U.    COUNT TWENTY ONE - TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS BY DEFENDANTS

7.67    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.68    In the alternative to other counts, Defendants tortiously interfered with Plaintiff's prospective business relations.    Because of the aforementioned defamatory statements and publications, Plaintiff is forever harmed in her respective industry.   As such, Plaintiff prays to this Honorable Court for rectification and redress at law and in equity.

## V.    COUNT TWENTY TWO - WRONGFUL TERMINATION BY DEFENDANT HARRIS COUNTY, DEFENDANT HARRIS HEALTH, AND DEFENDANT SCOTT

7.69    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.70    Defendants terminated Plaintiff unlawfully and unconstitutionally.   This caused Plaintiff loss of income, the ability to secure future employment, as well as emotional and mental distress, and possible bankruptcy. Plaintiff's termination was arbitrary and capricious because it was completely based on Defendant Scott's lies. As a direct result of Defendants' adverse employment actions against Plaintiff, Plaintiff has sustained and seeks recovery of and for the following: loss of pay (front pay and back pay); loss of seniority; loss of promotions; loss of training and advancement; loss of benefits; loss of accumulated sick pay; vacation; compensatory time; paid time off; negative tax consequences; attorneys' fees; emotional distress; mental, psychological and physical harm; loss of income; loss of enjoyment of life; and compensatory; punitive, exemplary, legal equitable, nominal and all other damages that this Honorable Court deems necessary and proper.

## W.    COUNT TWENTY THREE - VIOLATIONS OF 42 U.S.C. § 1983 MALICIOUS PROSECUTION AGAINST DEFENDANT SCOTT

7.71    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.72    At all times relevant, Defendant Scott was acting under color of state law as an employee and/or agent of Defendants.   Defendant Scott initiated criminal proceedings against Plaintiff based on lies and in bad faith.   Defendant Scott's statements and accusations were knowingly false and made with a reckless disregard for the truth.   Defendant Scott acted with malice. In the end, the Harris County District Attorney's Office dismissed the charges once they discovered the allegations were false. *See* Exhibits B and C, respectively. Defendant Scott's conduct described above violated Plaintiff's Fourth Amendment right to be free from

unreasonable seizure and her Fourteenth Amendment right to due process of law, actionable under 42 U.S.C. § 1983.  As a direct and proximate result of Defendant Scott's malicious prosecution, Plaintiff suffered damages including but not limited to loss of liberty, reputational harm, emotional distress, lost income, and attorney fees.  As such, Defendant Scott is liable.

## X.  COUNT TWENTY FOUR - NEGLIGENCE OF DEFENDANT AMERGIS AND DEFENDANT MAXIM

7.73  Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.74  Defendants owed legal duties to Plaintiff to ensure that the aforementioned conduct would not transpire.  Defendants breached said duties.  Particularly, there were not policies, procedures, customs, or practices, in place to ensure that Plaintiff would not be denied her Constitutional protections. Defendants' nonfeasance proximately caused injuries and damages to Plaintiff.  Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence that proximately and/or directly caused the occurrences made the bases of this action, and the personal injuries and damages sustained by Plaintiff.

## Y.  COUNT TWENTY FIVE - NEGLIGENT HIRING BY DEFENDANT AMERGIS AND DEFENDANT MAXIM

7.75  Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.76  Defendants were negligent in the hiring of Defendant Scott, in that they knew, or in the exercise of reasonable care should have known, that Defendant Scott was unfit or unqualified for the position in which she was required to perform.  With greater due diligence, screening, and investigative policies and procedures, Defendants would have discovered that

Defendant Scott was completely unqualified for the positions in which she was required to perform.

**Z.    COUNT TWENTY SIX - NEGLIGENT TRAINING BY DEFENDANT AMERGIS AND DEFENDANT MAXIM**

7.77    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.78    Defendants were negligent in the training of Defendant Scott, in that Defendants knew, or in the exercise of reasonable care should have known, that Defendant Scott was unfit or unqualified for the position in which she was required to perform.  Defendants failed to properly train and/or instruct Defendant Scott for the job that she was to perform.

**AA.    COUNT TWENTY SEVEN - NEGLIGENT SUPERVISION BY DEFENDANT AMERGIS AND DEFENDANT MAXIM**

7.79    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.80    Defendants were negligent in the supervision of Defendant Scott in that Defendants knew, or in the exercise of reasonable care should have known, that Defendant Scott was unfit or unqualified for the position for which she was required to perform. Defendants failed to adequately and reasonably supervise Defendant Scott. Had Defendants supervised Defendant Scott, then the risk of the aforementioned conduct transpiring would have been alleviated significantly.

**BB.**    **C**OUNT **T**WENTY **E**IGHT - **N**EGLIGENT **R**ETENTION **B**Y **D**EFENDANT **A**MERGIS AND **D**EFENDANT **M**AXIM

7.81    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.82    Defendants were negligent in the retention of Defendant Scott, in that Defendants knew or in the exercise of reasonable care should have known that Defendant Scott was unfit or unqualified for the position in which she was required to perform.  Specifically, after all of the aforementioned events, Defendant Scott is still currently employed by Defendants - this is shameful.

**CC.**    **C**OUNT **T**WENTY **N**INE - **N**EGLIGENT **I**MPLEMENTATION OF **P**OLICIES, **P**ROCEDURES, **I**NVESTIGATIONS, AND **M**ANAGEMENT **C**ONTROLS **B**Y **D**EFENDANT **A**MERGIS AND **D**EFENDANT **M**AXIM

7.83    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.84    Defendants were negligent in failing to implement and/or follow investigative policies and procedures that would have prevented the aforementioned misconduct from taking place or would have rectified it after the fact.  Furthermore, Defendants were negligent in failing to implement and/or follow proper management controls that would have prevented the hiring of Defendant Scott and would have prevented the incidents made the bases of this lawsuit.

**DD.**    **C**OUNT **T**HIRTY - **G**ROSS **N**EGLIGENCE OF **D**EFENDANTS **A**MERGIS AND **D**EFENDANT **M**AXIM

7.85    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

7.86    When viewed objectively, Defendants' conduct, acts and/or omissions described above involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.  Defendants had actual, subjective awareness of the risks but proceeded with a conscious indifference to the rights, safety, or welfare of others, namely Plaintiff.

7.87    Defendants' conduct rises to the level of gross negligence.  Accordingly, Plaintiff is entitled to a finding that Defendants were grossly negligent concerning the aforementioned incidents.  Thus, exemplary and/or punitive damages are proper under the law.

## EE.    COUNTY THIRTY ONE - *RESPONDEAT SUPERIOR*

7.88    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.89    Defendants, their vice-principals, agents, servants, and/or employees committed various tortious acts and/or omissions during the course and scope of their employment with Defendants.   As such, Defendants are directly and/or vicariously liable for the acts and/or omissions of their vice-principals, agents, servants, and or employees. Defendants' wrongful conduct was a proximate cause of the incidents made the bases of this lawsuit and the injuries and damages sustained by Plaintiff.   As such, Plaintiff invokes and pleads the Doctrine of *Respondeat Superior*.

7.90    At all times during the incidents made the bases of this lawsuit, Defendant Scott was an employee and/or agent of Defendants.  At all times during the incidents made the bases of this lawsuit, Defendant Scott was acting in the course and scope of her employment and/or agency relationship with Defendants. As such, Defendants are vicariously liable for the tortious conduct of Defendant Scott, committed during the course and scope of Defendant Scott's

employment and/or agency relationship with Defendants.    Defendants are individually liable as well.

**FF.    COUNT THIRTY TWO - *RES IPSA LOQUITUR***

7.91    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

7.92    Plaintiff's injuries and damages and the character of the incidents surrounding this lawsuit is such that it would not ordinarily occur in the absence of negligence. The instrumentalities causing Plaintiff's injuries and damages were under the management and control of Defendants and no other individual nor entities were involved.  Plaintiff's injuries and damages would not have occurred but for some sort of negligence on the part of Defendants.  As such, Plaintiff invokes and pleads the Doctrine of *Res Ipsa Loquitur*.

## VIII.    DAMAGES

8.1    As a direct and proximate result of Defendants' negligence, gross negligence, malfeasance, nonfeasance, and shameful tortious conduct, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, lost wages, and lost earning capacity. Plaintiff is entitled to recover exemplary and/or punitive damages for all of said injuries, past and future, in an amount exceeding the jurisdictional limits of this Court.

8.2    Plaintiff would show that any limit on exemplary and/or punitive damages is inapplicable to these Defendants and/or to the factual bases of these claims.   Plaintiff would show that any limits on exemplary and/or punitive damages are unconstitutional under the United States and/or Texas Constitutions.    Plaintiff would show that any limitations on

exemplary and/or punitive damages is violative of public policy and the police power of the State

of Texas and is an ultra vires act of the Texas legislature.

## IX.    MONETARY RELIEF SOUGHT

9.1    Plaintiff affirmatively pleads that she is seeking damages in excess of

$1,000,000.00 at law and relief in equity.

## X.    JURY DEMAND

10.1    Plaintiff demands a trial by jury on all issues set forth herein pursuant to FED. R.

CIV. P. 38.

## XI.    ATTORNEY'S FEES

11.1    Request is made for all costs of court and reasonable and necessary attorney's fees

incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal,

as this Honorable Court deems equitable and just.

## XII.    PRAYER

12.1    Plaintiff prays that Defendants be summoned to appear and answer this Complaint

and that on final trial, Plaintiff has judgment against Defendants for:

  a.    All medical expenses in the past and future;

  b.    Mental anguish and pain and suffering in the past and future;

  c.    Physical and mental pain in the past and future;

  d.    Physical and mental impairment in the past and future;

  e.    Lost wages and loss of earning capacity in the past and future;

  f.    Physical and mental disfigurement in the past and future;

  g.    Prejudgment and post judgment interest as allowed by law;

h.      Costs of suit;

i.      Attorney fees;

j.      Exemplary and/or Punitive Damages;

k.      Special damages in the past and future;

l.      Liquidated damages in the past and future;

m.      Compensatory damages in the past and future;

n.      Actual damages in the past and future;

o.      Nominal damages in the past and future;

p.      Economic damages in the past and future;

q.      Noneconomic damages in the past and future and;

r.      Such other and further relief to which Plaintiff may show herself justly
        entitled to receive whether at law or in equity.

Respectfully Submitted,

LAW OFFICES OF GARRETT GIBBINS, PLLC

*/s/ Garrett Lee Gibbins*
Garrett Lee Gibbins
Texas Bar Number : 24125243
South Carolina Bar Number: 105706
New Mexico Bar Number: 163276
Arizona Bar Number: 039804
Colorado Bar Number: 61100
Oklahoma Bar Number: 36371
Illinois Bar Number: 6351087
Tennessee Licensure Pending
United States District Court for the Southern District of Texas Federal ID: 3864602
email: garrettgibbins4747@yahoo.com
phone: 512-587-8572
**ATTORNEY FOR PLAINTIFF**